OPINION
{¶ 1} Appellant, Simon N. Edgell, appeals from the June 24, 2004 judgment entry of the Portage County Municipal Court, Ravenna Division, in which he was sentenced for driving under the influence of alcohol ("DUI").
 {¶ 2} On December 24, 2002, a complaint was filed against appellant, charging him with DUI, in violation of R.C. 4511.19(A)(1) and (3), misdemeanors of the first degree; speeding, in violation of R.C. 4511.21; and driving without a seat belt, in violation of R.C. 4513.263. On December 27, 2002, appellant entered a not guilty plea at his initial appearance.
 {¶ 3} On January 23, 2003, appellant filed a motion to suppress evidence. A hearing was held on March 23, 2004.[1] Pursuant to its March 23, 2004 judgment entry, the trial court overruled appellant's motion to suppress.[2]
 {¶ 4} A jury trial commenced on June 10, 2004. At the close of the state's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. At the close of appellant's case, appellant's counsel renewed the Crim.R. 29 motion, which was again overruled by the trial court. The jury returned a verdict of guilty to DUI in violation of R.C. 4511.19(A)(3). The R.C. 4511.19(A)(1) DUI charge was dismissed before trial. The trial court found appellant guilty of speeding, and not guilty of driving without a seat belt.
 {¶ 5} At the jury trial, Sergeant Chris Heverly ("Sergeant Heverly"), with the Ohio State Highway Patrol, testified for the state that on December 24, 2002, he observed appellant's vehicle traveling north on Route 44, in Rootstown Township, Portage County, Ohio. Sergeant Heverly stated that appellant drove his vehicle off the right side of the road and merged onto Route 5 without a turn signal. Sergeant Heverly followed appellant for about one mile, and indicated that appellant's car was traveling between sixty-five and sixty-seven miles per hour in a fifty-five miles per hour zone. Sergeant Heverly said that appellant drove his vehicle off the right side of the road again. At that time, Sergeant Heverly initiated a traffic stop.
 {¶ 6} After approaching appellant's car, Sergeant Heverly noticed a strong odor of alcohol emanating from appellant. Sergeant Heverly testified that appellant's eyes appeared to be bloodshot and glassy and that appellant tried to avoid eye contact with him. Sergeant Heverly asked appellant to accompany him to the patrol car, and appellant complied. Inside the patrol car, Sergeant Heverly indicated that appellant admitted he had consumed alcohol, and his last alcoholic beverage was approximately twenty minutes before the traffic stop.
 {¶ 7} Sergeant Heverly administered three field sobriety tests, including the Horizontal Gaze Nystagmus, the one-legged stand, and the walk and turn. According to Sergeant Heverly, appellant performed poorly on all three tests. Sergeant Heverly then arrested appellant and transported him to the station.
 {¶ 8} At the station, Sergeant Heverly administered a breath test, the B.A.C. Datamaster ("BAC"), approximately twenty minutes after the arrest. Appellant's BAC registered at .121. Sergeant Heverly opined that the BAC was in proper working condition on December 24, 2002.
 {¶ 9} Pursuant to its June 24, 2004 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail, one hundred seventy-seven days suspended, a twelve month license suspension, and a $250 fine. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[3]
 {¶ 10} "The trial court erred in denying appellant's motion for directed verdict of acquittal."
 {¶ 11} In his sole assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29 motion. Appellant alleges that the trial court erred by admitting into evidence, over appellant's objection, a document purportedly authorizing Sergeant Heverly to administer breath-alcohol tests. Appellant contends that the document was suspect due to a discrepancy in its certification. Specifically, appellant stresses that the document was not certified by the records custodian for the Ohio Department of Health ("ODH"), but rather by another state trooper, Sergeant Terrance Duerr ("Sergeant Duerr"), who did not testify at trial. Appellant maintains that the purported certification by Sergeant Duerr, on May 12, 2001, pre-dates by eight days the actual date the certificate was issued by the ODH. Thus, according to appellant, without a valid operator's permit, the evidentiary foundation for a conviction under R.C. 4511.19(A)(3) did not exist, and appellant's motion for acquittal should have been sustained.
 {¶ 12} Again, we note that appellant failed to provide a transcript of the evidentiary hearing on the motion to suppress. An appellant has the duty to provide this court with the necessary transcripts of the record below in order to demonstrate its claimed error. See App.R. 9; State v.Fisher (June 27, 1997), 11th Dist. No. 96-P-0242, 1997 Ohio App. LEXIS 2827, at 2. "When parts of the record necessary for the resolution of the assigned errors are omitted, there is nothing for the reviewing court to pass upon." State v. Johnson (July 24, 1992), 11th Dist. No. 91-L-107, 1992 Ohio App. LEXIS 3824, at 5. "Thus, the reviewing court must presume the regularity of proceedings below and affirm." Id., citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 13} In the instant matter, although appellant alleges that the trial court erred in denying his Crim.R. 29 motion with respect to the administering of the BAC test, stressing that Sergeant Heverly's authorization to administer breath-alcohol tests is suspect, he is really challenging the trial court's overruling of his motion to suppress. Again, on January 23, 2003, appellant filed a motion to suppress evidence obtained as a result of his traffic stop. Specifically, appellant asserted that: "[t]he operator was not licensed to operate the instrument analyzing [appellant's] alcohol level nor was he supervised by a senior operator in accordance with O.A.C. 3701.53.07. The person or persons calibrating the instrument analyzing [appellant's] alcohol level were not currently licensed to calibrate the instrument in accordance with O.A.C. 3701.53.07[.]"
 {¶ 14} After a hearing on March 23, 2004, pursuant to its judgment entry, the trial court overruled appellant's motion to suppress, indicating that the BAC test was administered in substantial compliance with ODH regulations. Thus, the trial court ruled on this issue before trial. As such, appellant should have argued on appeal with respect to the BAC test that the trial erred by overruling his motion to suppress instead of alleging that the trial court erred in denying his Crim.R. 29 motion. In addition, although the record here contains the transcript from the jury trial as well as relevant exhibits, a transcript from the suppression hearing is also necessary for a complete review of appellant's assigned error. Nevertheless, in the interest of justice, we will provide a brief merit analysis.
 {¶ 15} With regard to a Crim.R. 29 motion, in State v. Bridgeman
(1978), 55 Ohio St.2d 261, the Supreme Court of Ohio established the test for determining whether a Crim.R. 29 motion for acquittal is properly denied. The Supreme Court stated that "[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 16} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 17} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 18} "`(* * *) The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiryabout due process. It raises a question of law, the resolution of whichdoes not allow the court to weigh the evidence. * * *'"
 {¶ 19} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 20} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." State v. March
(July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 21} In the present case, appellant is challenging his R.C.4511.19(A)(3) DUI conviction, and raises the issue of the BAC test's reliability.
 {¶ 22} R.C. 4511.19(A)(3) provides that: "[no] person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred liters of the person's breath."
 {¶ 23} With respect to the admission and exclusion of evidence, the Supreme Court of Ohio in State v. Hymore (1967), 9 Ohio St.2d 122, 128, stated that: "[t]he trial court has broad discretion in the admission and exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [a reviewing] court should be slow to interfere." "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 24} "The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations." Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3. "`Once the state demonstrates substantial compliance, the burden shifts to the defendant to show he was prejudiced by the state's failure to strictly comply with the regulations.'" State v. Perreault, 11th Dist. No. 2001-P-0061, 2002-Ohio-7449, at ¶ 13, quoting State v. Starkey (Sept. 28, 1998), 11th Dist. No. 97-P-0098, 1998 Ohio App. LEXIS 4530, at 6.
 {¶ 25} Again, appellant failed to provide a transcript from the suppression hearing for our review. However, based on the transcript from the jury trial, Sergeant Heverly testified that he was a senior operator, trained in administering BAC tests pursuant to ODH regulations, and explained the procedure used to calibrate the test. Sergeant Heverly identified Exhibit B, the permit at issue, as a certified copy of his original certificate from the ODH, which was issued on May 20, 2001, and valid for two years. Sergeant Heverly explained that senior operators are permitted to re-test up to six months before the expiration of their current certification, and that his permit arrived early to ensure no lapse in his certification.
 {¶ 26} Also, the permit contains an embossed state seal and was certified on the back by Sergeant Duerr on May 12, 2001. Specifically, the back of the permit, which is signed by Sergeant Duerr and a notary public/deputy clerk, contains the following language: "I, Sergeant Terrance A. Duerr, being first duly sworn according to law, hereby state that I am custodian of the records of the Ohio State Highway Patrol, and that this is a true and accurate copy of the original record which is in my custody."
 {¶ 27} As such, Sergeant Duerr, as a custodian of records for the Ohio State Highway Patrol, is a "`person authorized to make a certification'" pursuant to Evid.R. 902(4). State v. McCardel (Sept. 28, 2001), 11th Dist. No. 2000-P-0092, 2001 Ohio App. LEXIS 4432, at 14. Thus, the permit was properly certified and self-authenticated under Evid.R. 902(4). Id. at 13. Therefore, the trial court did not abuse its discretion in admitting the permit as a certified copy of a public record pursuant to Evid.R. 902(4).
 {¶ 28} Here, the state established substantial, if not strict, compliance with the ODH regulations. However, appellant fails to demonstrate prejudice from any lack of strict compliance. Based onSchlee, supra, there is substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that all of the elements of the offense have been proven.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Grendell, J., O'Toole, J., concur.
[1] Appellant did not file a transcript from the suppression hearing.
[2] Specifically, the trial court stated the following in its judgment entry: "[Hearing] on motion to suppress. Reasonable cause for traffic stop, [probable cause] for arrest. BAC test administered in substantial compliance [with Ohio Department of Health regulations]. Motion overruled."
[3] In the instant appeal, appellant only challenges his conviction for DUI in violation of R.C. 4511.19(A)(3). Appellant does not challenge the speeding charge.