[Cite as *State v. Young*, 2016-Ohio-5006.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0087** |
| DANIEL J. YOUNG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2003 CR 567.

Judgment: Vacated in part; reversed and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Daniel J. Young*, pro se, PID: A463-618, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Daniel J. Young, appeals from the judgment of the Portage County Court of Common Pleas overruling his pro se motion to terminate post-release control. For the following reasons, the sentencing judgment of the trial court is vacated in part, and the denial of appellant's motion to terminate post-release control is reversed and remanded.

{¶2} On January 30, 2004, appellant was indicted by the Portage County Grand Jury for two counts of robbery in violation of R.C. 2911.02(A)(2)&(B), felonies of the second degree, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1)&(B), a felony of the first degree. The charges occurred while appellant was on parole from a previous prison sentence for aggravated robbery, with a firearm specification, in Portage County Case No. 1993 CR 00296.

{¶3} Appellant entered into a plea agreement with appellee, the state of Ohio, and pled guilty to one count of first-degree aggravated burglary, in violation of R.C. 2911.11(A)(1)&(B), and to two amended counts of third-degree robbery, in violation of R.C. 2911.02(A)(3).

{¶4} A sentencing hearing was held, and the entry was journalized on April 9, 2004. Appellant was sentenced to a definite term of imprisonment of seven years for the aggravated burglary and three years for each robbery. The sentences were ordered to run concurrent to each other, for an aggregate prison term of seven years. Appellant was awarded 110 days of jail-time credit. The sentencing entry also stated the following:

> The Court thereupon notified the Defendant that after release from prison, the Defendant will be supervised under post release control R.C. 2967.28 [sic]. The Court further notified the Defendant that if the Defendant violates the terms of the post-release control, the Defendant could receive an additional prison term not to exceed 50 percent of his original prison term.

At the time of sentencing, a first-degree felony carried a mandatory five-year period of post-release control. R.C. 2967.28(B)(1). Appellant did not file a direct appeal from the sentencing entry.

**{¶5}** It appears that appellant completed his sentence for the 2004 charges in December 2010 but remains imprisoned for his parole violation on the 1993 aggravated robbery. On December 8, 2015, appellant filed a pro se motion to terminate post-release control. He attached three exhibits to the motion: (a) a form, certified by the clerk of courts, titled "Certified Copy of Sentence"; (b) a letter from the Parole Board Hearing Officer, titled "PRC Result Notification," providing the tentative start date for a five-year period of post-release control as 12/08/2010; and (c) a printout from the Lorain Correctional Institution summarizing the charges for which appellant was currently incarcerated and the term expiration dates. In his motion, appellant argued that post-release control was not ordered in the sentencing entry and that he was not notified he would be placed on post-release control upon release from prison.

**{¶6}** Two days later, on December 10, 2015, the trial court overruled appellant's motion. The court stated: "After review of the sentencing entry of April 5 [sic], 2004, Defendant Young was notified that he would be supervised under post release control upon his release, and further that if he violated the terms of post release control, he could receive an additional term up to 50% of his original term."

**{¶7}** Appellant noticed an appeal from this entry and assigns one error for our review:

**{¶8}** "The trial court abused its discretion when it denied appellant's motion to terminate [post-release control]."

**{¶9}** "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating

3

postrelease control." *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶18. Further, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶19. When a judge failed to properly impose statutorily mandated post-release control prior to July 11, 2006, that part of the sentence is void and must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26; *State v. Shepherd*, 11th Dist. Ashtabula No. 2010-A-0052, 2011-Ohio-2451, ¶20. Such a sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, *supra*, at paragraph one of the syllabus; *see also State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, ¶7.

{¶10} Pursuant to R.C. 2953.08(G)(2)(b), when a sentence is contrary to law, a reviewing court, inter alia, "may vacate the sentence and remand the matter to the sentencing court for resentencing." When the post-release control portion of a sentence is vacated, the resentencing to which an offender is entitled is limited to proper imposition of post-release control. *Fischer*, *supra*, at paragraph two of the syllabus, modifying *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus.

{¶11} "[W]hen a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *Qualls, supra*, at ¶30. On the other hand, when a defendant is *not* properly notified about post-release control at the sentencing hearing, regardless of what is stated in the sentencing entry, the defendant is entitled to a correction to the sentencing judgment after a limited hearing is held for that purpose. R.C. 2929.191;

4

*see also State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph one of the syllabus. Neither of these options is available, however, after the defendant has "completed the prison term for the offense for which postrelease control was to be imposed"; in that circumstance, post-release control can no longer be imposed. *Qualls*, *supra*, at ¶16, ¶24.

**{¶12}** In the sentencing entry now before us, the trial court stated it notified appellant that he would be supervised under post-release control after his release from prison. We are unable to review the sentencing hearing for proper notification, as appellant did not order a transcript to be transmitted with the record. *See State v. Edgell*, 11th Dist. Portage No. 2004-P-0062, 2005-Ohio-3265, ¶12, citing App.R. 9 ("An appellant has the duty to provide this court with the necessary transcripts of the record below in order to demonstrate its claimed error.").

**{¶13}** The sentencing entry clearly indicates the trial court notified appellant of the fact that he *will* be supervised under post-release control. The trial court's sentencing entry did not, however, specify the length of the term of post-release control for which appellant would be supervised. As noted, the statute prescribes a period of five years for the first-degree felony. The narrow question presented here, therefore, is whether the failure to put the *length* of the post-release control term renders that portion of the sentence void.

**{¶14}** Some appellate districts in Ohio have held that such an omission does not render the post-release control notification contrary to law. *See, e.g., State v. Tribue*, 6th Dist. Lucas Nos. L-10-1250&1251, 2011-Ohio-4282; *State v. Ball*, 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443. However, following a holding of the Ohio Supreme

5

Court, this court has held that failure to specify the length of the post-release control term does not comport with statutory notification mandates. *Shepherd*, *supra*, at ¶25, quoting *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶69, citing R.C. 2929.14 and R.C. 2967.28. In fact, the Ohio Supreme Court's *Bloomer* opinion, in discussing the consolidated case of *State v. Barnes,* addressed almost the identical scenario as the one presented here. There it stated: "Thus, the court failed to satisfy the most basic requirement of R.C. 2929.191 and our existing precedent -- that it notify the offender of the mandatory nature of the term of postrelease control *and the length of that mandatory term* and incorporate that notification into its entry." *Bloomer, supra*, at ¶69 (emphasis added). Other appellate districts have held the same. *See, e.g., State v. Bevins*, 1st Dist. Hamilton No. C-120345, 2013-Ohio-156; *State v. Taylor*, 9th Dist. Lorain No. 14CA010583, 2015-Ohio-2194; *State v. Strowder*, 8th Dist. Cuyahoga No. 103156, 2015-Ohio-5270. Thus, we find the post-release control portion of appellant's sentence as set forth in the sentencing entry is void and must be vacated.

{¶15} In response to appellant's assignment of error, the state argues the trial court's judgment should be upheld because appellant was still imprisoned at the time he filed his motion to terminate post-release control. Citing definitions found in R.C. 2967.01, the state asserts that post-release control has not yet been "imposed" on appellant because he has not been released from prison. This argument appears to rely on the concept that appellant's motion was not ripe for review. The state provides absolutely no authority for its argument, and we find it unpersuasive. Under this line of reasoning, an incarcerated defendant could never challenge the portion of a sentence that relates to post-release control—not even in a direct appeal. A ripeness argument is

only relevant to the imposition of post-release control when the constitutionality of a statute is contested by an incarcerated defendant who has not yet suffered actual injury. *See State v. Spikes*, 129 Ohio App.3d 142 (11th Dist.1998); *see also State v. Thomas*, 11th Dist. Lake No. 98-L-074, 1999 Ohio App. LEXIS 3334, *15-16 (July 16, 1999) (holding that a prisoner who has not yet suffered actual imposition of post-release control lacks standing to challenge the constitutionality of the statutory provisions as it is not yet ripe for review). Appellant has not challenged the constitutionality of the post-release control statutes. We note again that once "the defendant has completed the prison term *for the offense for which postrelease control was to be imposed*," postrelease control can no longer be imposed for that offense. *Qualls*, *supra*, at ¶16 (emphasis added).

{¶16} Appellant's assignment of error is with merit.

{¶17} Attached to appellant's motion to terminate post-release control and attached to appellant's brief on appeal are documents that appear to indicate appellant's prison term for the conviction at hand expired in December 2010. Whether appellant has completed his prison term for this case (Portage County Case No. 2003 CR 567) is a determination that must be made by the Department of Rehabilitation and Correction. *See Shepherd, supra*, at ¶30, quoting R.C. 5120.15 and R.C. 5120.05. Accordingly, we remand this matter for the trial court to determine whether appellant has completed his prison term for case No. 2003 CR 567. If he has, post-release control cannot be imposed for case No. 2003 CR 567 due to voidness for improper notification.

7

{¶18} For the foregoing reasons, the December 10, 2015 judgment of the Portage County Court of Common Pleas, denying appellant's motion to terminate post-release control is reversed, and the portion of the April 9, 2004 sentencing entry relating to post-release control is vacated. This matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.