[Cite as *State v. Smith*, 2018-Ohio-5183.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee/<br>Cross-Appellant, | : | |
| | : | **CASE NO. 2017-P-0053** |
| - vs - | : | |
| | : | |
| KENNETH E. SMITH, JR., | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00077.

Judgment: Reversed and remanded.


*Victor. V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee/Cross-Appellant).

*Neil P. Agarwal*, 3732 Fishcreek Road, Suite #288, Stow, OH 44224 (For Defendant-Appellant/Cross-Appellee).



THOMAS R. WRIGHT, P.J.


{¶1} This case involves an appeal and cross-appeal of a sentence in a criminal proceeding. Both sides contest aspects of the judgment, including merger of three felonious assault counts and one kidnapping count prior to imposing a single prison term of eight years without specifying for which offense. The judgment is reversed and

remanded for resentencing.

{¶2} The charges against appellant, Kenneth E. Smith, Jr., are based upon a physical altercation with his wife, Theresa Smith. The couple married in July 1999 and lived together for approximately twelve years. In June 2011, appellant left his wife, but they remained married. In the following years, they would see each other frequently and often resided within a short distance of each other. On the date of the altercation, they had separate apartments within the same complex, approximately one block apart. Although separated, appellant would sometimes spend the night at his wife's apartment and sleep on her living room couch.

{¶3} At approximately 9:30 p.m. the night of the altercation, appellant called Theresa and asked if he could sleep at her apartment that night. Since he had used heroin earlier that day, he was paranoid and felt that he would only be able to sleep soundly for eight hours if he stayed with her. Theresa said yes, and he immediately went to her apartment. As Theresa had been preparing for bed when he called, she soon went into her bedroom and fell asleep.

{¶4} According to her, at some point after midnight, she awoke due to pain near the top of her forehead. When she opened her eyes, she saw that appellant had been shocking her with the tip of a live electrical wire. As she resisted, appellant lunged toward her with a chord attempting to bind her wrists together. She kept one hand free and pulled herself off the side of the bed. She then stood up and moved from the bedroom to the living room.

{¶5} She was unable to describe how, but appellant eventually pushed her onto the living room couch and came at her with a knife. After trying to stab her in the chest

2

multiple times, she grabbed the knife. A police officer later observed cuts on both of her hands.

{¶6} They then went into the bathroom, where appellant forced her onto the floor and laid on top of her so that she could not move. He then hit her with his fist at least twice, once in the head and once in the left eye. During subsequent treatment, the examining physician noted bruising on the left side of her face. As appellant was hitting her, Theresa wedged one of her legs between their bodies and kicked appellant off of her. Appellant then stopped his attack, made comments as if he did not realize what he had been doing, and eventually called for an ambulance.

{¶7} Appellant's version of the incident is entirely different. According to him, he woke up during the night and checked on his wife in her bedroom because she is a diabetic. As he was bending over to feel her forehead, she awoke, immediately became frightened, grabbed a bedside hammer, and struck him in the head. In response, appellant slapped her face with the palm of his hand. He admitted that, during the ensuing scuffle, he drew a knife, but only threatened to stab himself if she called the police and that she grabbed the knife.

{¶8} Appellant did not accompany Theresa to the hospital, but instead returned to his apartment. The police heard Theresa's version of the incident at the hospital and appellant was apprehended the following day. One month later, he was indicted on one count of aggravated burglary under R.C. 2911.11(A)(1), one count of felonious assault under R.C. 2903.11(A)(1), two counts of felonious assault under R.C. 2903.11(A)(2), and one count of kidnapping under R.C. 2905.01(A)(3).

{¶9} The single count of felonious assault under R.C. 2903.11(A)(1) is based

3

upon the allegation that appellant struck Theresa in the head/eye while they were lying on the bathroom floor. This count asserts that she suffered *serious physical harm* as a result. The remaining two felonious assault counts are predicated upon the electrical shocks and knife wounds. These counts are charged under R.C. 2903.11(A)(2), and allege that Theresa suffered physical harm, as compared to *serious* physical harm.

{¶10} All five charges were tried to the bench. At the close of all evidence, the trial court granted appellant's motion to dismiss the aggravated burglary count for lack of sufficient evidence. The court found him guilty of the remaining counts.

{¶11} At sentencing, the state contended that only the two felonious assault counts under R.C. 2903.11(A)(2) merge and that separate sentences should be imposed for the remaining felonious assault count under R.C. 2903.11(A)(2), the separate felonious assault count under R.C. 2903.11(A)(1), and the kidnapping count. The trial court rejected this argument, holding that all four counts merge because appellant committed all four crimes with the same animus. The trial court imposed a single term of eight years in prison without specifying for which offense.

{¶12} Appellant appeals and the state cross-appeals. In contesting the propriety of his sentence, appellant raises three assignments for review:

{¶13} "[1.] The trial court failed to issue a final appealable order when it did not impose a sentence on a specific offense and committed reversible error in sentencing appellant without specifying on which count it was imposing sentence.

{¶14} "[2.] The trial court erred in not imposing post-release control at the sentencing hearing, but imposing a mandatory five years of post-release control in the sentencing journal entry.

4

{¶15} "[3.] The trial court committed reversible and plain error at the sentencing hearing by failing to comply with R.C. 2929.19(B)(2)(f)."

{¶16} In its cross-appeal, the state also challenges the imposed sentence:

{¶17} "As three of the four offenses were of dissimilar import, the trial court erred in finding all four offenses merged for purposes of sentencing."

{¶18} Appellant's first assignment and the state's cross-assignment address merger. Since our decision under the cross-assignment renders other merger issues moot, we address that cross-assignment first.

{¶19} As noted, during sentencing, the state asserted that one of the felonious assault counts under R.C. 2903.11(A)(2) merges with the second of those counts, leaving three counts for sentencing. For the following reasons, we conclude that none of the four counts merge.

{¶20} The constitutional prohibition against double jeopardy generally protects a criminal defendant from successive prosecutions and multiple punishments for the same crime. *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, ¶8, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶7. In furtherance, R.C. 2941.25 governs merger and provides:

{¶21} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶22} "(B) When the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or

information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶23}** In its most-recent extended analysis of R.C. 2941.25, the Supreme Court of Ohio held:

**{¶24}** "1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors – the conduct, the animus, and the import.

**{¶25}** "2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶26}** "3. Under R.C. 2941.25 (B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraphs one, two, and three of the syllabus.

**{¶27}** The *Ruff* court summarized its holding in the following manner:

**{¶28}** "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? And (3) Were they committed with separate animus or motivation? An affirmative answer to *any* of the above will permit separate convictions. The conduct, the animus, and the

6

import must all be considered." *Id.* at ¶31. (Emphasis added.)

{¶29} The trial court focused solely upon the third factor of the disjunctive test, i.e., the trial court merged all four offenses because they were committed with the identical animus. However, the *Ruff* test is stated in the disjunctive. Even if appellant did not have a separate animus for the four offenses, he can still be convicted of each if the crimes are of dissimilar import or committed separately. Multiple offenses are of dissimilar import when each causes separate, identifiable harm. *Id.* at ¶25.

{¶30} Here, the victim suffered separate, identifiable harm from each of the three felonious assaults. As to the electrical shocks, the victim felt pain and bumps on the top of her head. A police officer corroborated the bumps. Concerning the knife count, the officer corroborated cuts on the victim's hands, consistent with her testimony. Last, regarding the punches, the victim's face was bruised immediately after the incident.

{¶31} In addition, each of the felonious assault counts were predicated upon a separate act or conduct that occurred in a separate room of the apartment. Appellant shocked her on the top of her forehead in the bedroom. After Theresa escaped to the living room, he tried to stab her with the knife on the couch. Finally, after escaping a second time, he punched her in the face while on the bathroom floor.

{¶32} Theresa also suffered separate injury from the kidnapping as she sustained bruises on each of her legs directly above her ankles from appellant's attempt to bind her legs together with an electrical cord. At the outset of her testimony, Theresa gave a general statement of the events that occurred when appellant woke her up with the electrical shocks and did not refer to appellant's attempt to tie her ankles together. However, in reviewing photographs of her injuries near the end of her direct testimony,

7

she stated that the bruises on her legs/ankles were caused by the attempt to tie her legs with the electrical cord.

{¶33} Therefore, the four offenses are of dissimilar import and do not merge. For this reason, the trial court erred in merging any of the offenses. The state's sole cross-assignment has merit.

{¶34} Under his first assignment, appellant maintains that, after merging the offenses, the trial court erred in not stating the specific count for which appellant was being sentenced, and second, in not allowing the state to elect.

{¶35} When a criminal defendant is convicted of multiple offenses that merge, the state elects the offense on which sentence will be imposed. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶20. However, given that none of the offenses merge, this argument is moot. The first assignment lacks merit.

{¶36} Under his second assignment, appellant maintains that the trial court erred in not informing of post-release control during the sentencing hearing.

{¶37} A trial court is required to give notification of post-release control both during the sentencing hearing and in the sentencing judgment. *State v. Young*, 11th Dist. Portage No. 2015-P-0087, 2016-Ohio-5006, ¶9, quoting *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶18-19. Failure to notify at the sentencing hearing constitutes error. *Id.* at ¶9-11.

{¶38} The record confirms, and the state concedes, that the trial court failed to notify appellant of post-release control at sentencing. Thus, appellant's second assignment has merit.

{¶39} Under his final assignment, appellant asserts the trial court erred in failing

8

to notify him of the requirement to submit to random drug testing under R.C. 2929.19(B)(2)(f):

{¶40} "(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

{¶41} "* * *

{¶42} "(f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."

{¶43} This provision, however, does not require notification. *State v. Tell*, 11th Dist. Portage No. 2017-P-0031, 2018-Ohio-1886, ¶49-50. Therefore, appellant's third assignment is without merit.

{¶44} The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.


DIANE V. GRENDELL, J., concurs in judgment only,

COLLEEN MARY O'TOOLE, J., dissents.