[Cite as *State v. Urick*, 2024-Ohio-2509.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

PETE PAUL URICK,

        Defendant-Appellant.

**CASE NO. 2024-T-0010**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00523

**O P I N I O N**

Decided: June 28, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W. Warren, OH 44481 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Pete Paul Urick ("appellant"), appeals from the judgment of the Trumbull County Court of Common Pleas denying his request for merger of allied offenses and sentencing him to an aggregate 48-month term of imprisonment. For the following reasons, we affirm.

{¶2} On July 27, 2023, the Trumbull County Grand Jury, by secret indictment, charged appellant with two counts of Failure to Stop After an Accident, felonies of the fourth-degree, in violation of R.C. 4549.02(A)(1)(a)(b)(c) and (B)(2)(b) (Counts 1 and 2),

and Tampering with Evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1) and (B). Appellant entered a plea of not guilty at arraignment. Bond was set at $10,000 cash or surety with house arrest.

{¶3} On November 15, 2023, appellant appeared with counsel, waived his rights, and entered guilty pleas to both counts of Failure to Stop After an Accident as charged in the indictment, and Attempted Tampering with Evidence, a fourth-degree felony, in violation of R.C. 2923.02(A) and 2921.12(A)(1) and (B). The following factual basis was provided:

> On or about the date references in the indictment, in Trumbull County, state of Ohio, the defendant was driving home from a New Years Eve party in his black 2012 Ford F150 pickup truck. The defendant left his lane of travel and struck two separate human powered scooters, one operated by David Fisher and the other operated by Leona Fisher.
>
> The impacts caused serious physical harm to each of the Fishers in the form of internal injuries and broken bones. The severity of the crashes clearly made the defendant aware that each of the Fishers sustained serious physical harm.
>
> The defendant then fled the scene of these crashes and engaged in a pattern of activity calculated to Tamper with Evidence of the crash, including but not limited to removing his F150 form the scene of the crash, purchasing new parts for his vehicle to replace those damaged during the crashes, and concealing the F150 from investigating officers.

(T.d. 27, p. 13-14).

{¶4} The trial court accepted appellant's guilty plea and a presentence investigation ("PSI") was ordered. The plea agreement also contained the following language: "The Court shall make a determination at sentencing, whether Counts One and Two are allied offenses of similar import and thereby subject to merger. Both parties agree

2

Case No. 2024-T-0010

to brief the issue in support of their opposing positions to assist the Court in this determination." Both appellant and the State filed memoranda on November 28, 2023.

{¶5} On December 22, 2023, the trial court sentenced appellant to a prison term of 18 months on Count 1 to run consecutively to the 18-month term imposed on Count 2. Those prison terms were also ordered to be served consecutive to the 12-month prison term imposed on Count 3 for an aggregate prison term of 48 months. Appellant's driver's license was suspended for three years. The trial court also ordered appellant to pay restitution to the victims: $1,740,405.57 to Leona Fisher and $319,860.04 to David Fisher.[1]

{¶6} Appellant timely appeals and raises a single assignment of error: "The trial court erred by not merging the allied offenses of similar import."

{¶7} The imposition of punishment for multiple offenses is governed by R.C. 2941.25 which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} Accordingly, "[u]nder R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that

---

1.The judgment entry ordering restitution provides amounts which differ from those announced at sentencing: $1,462,308.06 to Leona Fisher and $325,854.04 to David Fisher. (T.d. 21).

3

Case No. 2024-T-0010

the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 2015-Ohio-995, paragraph three of the syllabus. In *Ruff*, the Ohio Supreme Court revisited its prior holding in *State v. Johnson*, 2010-Ohio-6314, "with respect to when two or more offenses are allied offenses of similar import," which pertains to the first of the three circumstances listed above. See *State v. Smith*, 2018-Ohio-5183, ¶ 29 (11th Dist.) (the test for whether offenses merge is written in the disjunctive). *State v. Gurto*, 2023-Ohio-2351, ¶ 45 (11th Dist.). "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 26.

{¶9} We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25. *State v. Williams*, 2012-Ohio-5699, ¶ 1. *State v. Bailey*, 2022-Ohio-4407, ¶ 6.

{¶10} Here, at sentencing, the trial court denied appellant's motion for merger, and determined that Counts 1 and 2 did not merge for purposes of sentencing because each offense involved a separate victim. Appellant argues that he was charged with the same offense twice: Failure to Stop After an Accident in violation of R.C. 4549.02(A)(1) & (B)(2)(b). Specifically, he asserts that there was one accident which injured two persons.

{¶11} R.C. 4549.02(A)(1) provides:

> In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the

4

Case No. 2024-T-0010

operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

{¶12} Appellant argues that the plain reading of R.C. 4549.02(A)(1) illustrates that "multiple people were considered by the Ohio General Assembly; and the fact that two separate people were hurt, does not enter the analysis." We disagree.

{¶13} Appellant cites to *State v. Temaj-Felix*, 2013-Ohio-4463 (1st Dist.), in support of his contention. Temaj–Felix pleaded guilty to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and two counts of failure to stop after an accident as a result of running a redlight and striking two individuals crossing the road. *Id.*, ¶ 3. Temaj–Felix similarly argued that the trial court erred when it failed to merge his failure-to-stop convictions under R.C. 2941.25. The First Appellate District concluded that "in determining whether Temaj–Felix's two failure-to-stop offenses are allied offenses of similar import that must be merged, we are guided by the number of collisions and not the number of victims." *Id.,* ¶ 10 citing *State v. Hundley*, 2007-Ohio-3556, ¶ 15 (1st Dist.).

{¶14} Here, as presented by the State in their factual basis, appellant collided with two separate human-powered scooters which injured two victims. Therefore, there were two collisions and appellant could be charged, convicted, and sentenced on both counts. Because two collisions occurred and resulted in separate, identifiable harm to two victims, Counts 1 and 2 were not subject to merger. As such, the trial court's determination that

5

Case No. 2024-T-0010

Commented [RP1]: Is this cite correct?

Commented [AJM2R1]: Yes. The webcite is correct. I added the appellate district number.

offenses committed with a separate animus do not merge is supported by *Ruff* and R.C. 2941.25(B). Appellant's sole assignment of error is overruled.

{¶15} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

6

Case No. 2024-T-0010