[Cite as *State v. Cockrell*, 2017-Ohio-1358.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104207**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVONTE COCKRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-541417-B and CR-15-600493-B

**BEFORE:** Keough, A.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 13, 2017

**ATTORNEY FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
11075 East Boulevard
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Carl Mazzone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Davonte Cockrell, appeals the sentence imposed under two separate cases, but ordered to run consecutively. For the reasons that follow, we reverse and remand.

{¶2} In October 2010, Cockrell pled guilty in Cuyahoga C.P. No. CR-10-541417 to aggravated robbery and burglary and was sentenced to four years in prison. At sentencing, the court advised him that he was subject to five years of mandatory postrelease control on the first-degree felony aggravated robbery offense, and three-year-discretionary postrelease control supervision for the burglary offense. The sentencing journal entry, however, provided that postrelease control was part of Cockrell's sentence for only a mandatory three years. No appeal was taken from this entry of conviction. In August 2014, Cockrell was released from prison after serving his four-year prison sentence; he was subsequently placed on postrelease control.

{¶3} In November 2015, Cockrell was named in a three-count indictment under Cuyahoga C.P. No. CR-16-104207 charging him with weapon offenses. In December, he pled guilty to having a weapon while under disability. During the plea, Cockrell admitted that he was on postrelease control related to the 2010 convictions under Case No. CR-10-541417. At sentencing, the trial court ordered Cockrell to serve 30 months in prison for the weapons offense. Additionally, the court sentenced Cockrell to prison for the remaining postrelease control term to run consecutively to the weapons offense.

{¶4} Cockrell now appeals, raising two assignments of error.

**{¶5}** In his first assignment of error, Cockrell contends that the sentence imposed in Case No. CR-10-541417 failed to properly include the statutorily mandated term of postrelease control and is therefore void and not enforceable in the new felony case of Case No. CR-16-600493. We agree.

**{¶6}** A sentence that does not include the statutorily mandated term of postrelease control is void, not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

**{¶7}** The record reflects that Cockrell was orally advised at the time of his plea and sentencing in 2010 that he would be subject to a mandatory postrelease control period of five years control following his four-year prison sentence. However, the sentencing journal entry stated that Cockrell was subject to a mandatory three-year period of postrelease control.

**{¶8}** The state contends that despite this error in the original sentencing entry, pursuant to R.C. 2967.28(B), Cockrell is still subject to the mandatory five-year period of postrelease control pursuant to R.C. 2967.28(B) because the imposition of postrelease control arises by operation of law and Cockrell was properly notified of the consequences for violating postrelease control. The language the state relies on is found in R.C. 2967.28(B), which provides:

> If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, *the failure of a sentencing court to notify* the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code of this requirement *or to include in the judgment of conviction*

entered on the journal a statement that the offender's sentence includes this requirement *does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.* Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control.

(Emphasis added.)

{¶9} While it is true that the statute contains this language, it appears that the Ohio Supreme Court rejected this "arises by operation of law language" and argument in *State v. Singleton*, 124 Ohio St.3d 172, 2009-Ohio-6434, 920 N.E.2d 958.[1]

{¶10} The court considered *Singleton* subsequent to the enactment of Am.Sub.H.B. 137, which amended R.C. 2967.28 by adding the above-stated language, and the enactment of R.C. 2929.191, which provided a mechanism for courts to remedy any defects in the imposition of postrelease control. The issue before the court was the retrospective application of R.C. 2929.191. However, the court sua sponte also addressed the prospective application of R.C. 2929.191.

{¶11} In addressing the retrospective and prospective applications, the court declared that in the absence of a statutory remedy, "a sentence is void when the trial court fails to impose a statutorily mandated term of postrelease control." *Id*. at ¶ 18, 25, 36; *see*

---

[1] *See also State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 72 (rejecting identical language in R.C. 2929.14(D), stating "nothing in that division, however, provides that the executive branch may impose postrelease control if the sentencing court has not ordered it").

*also State v. Williams*, Slip Opinion No. 2016-Ohio-7658, ¶ 21 (reiterating the *Singleton* declaration).

{¶12} The court held that retrospective application of R.C. 2929.191 was ineffective because a sentence imposing postrelease control without the statutorily mandated notices at the sentencing hearing and in the sentencing entry is a nullity, and prior to the enactment of R.C. 2929.191 there was "no existing judgment for a sentencing court to correct." *Id.* at ¶ 25-26. Consequently, the court concluded that for sentences imposed prior to July 11, 2006, courts must correct postrelease control infirmities through the de novo sentencing procedure articulated in prior case law. *Id.* at ¶ 26.

{¶13} However, in addressing the prospective application of R.C. 2929.191, the court concluded that "[f]or criminal sentences imposed on or after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Singleton* at paragraph two of the syllabus.

{¶14} The *Singleton* majority explained:

[W]ith R.C. 2929.191, the General Assembly has now provided a statutory remedy to correct a failure to properly impose postrelease control. Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. *It applies to offenders who have not yet been released from prison* and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B).

(Emphasis added). *Id.* at ¶ 23.

**{¶15}** However, the *Singleton* minority (which is the position the state takes in this case) disagreed with the majority's conclusion, maintaining that the intent of the General Assembly in amending R.C. 2967.28 and enacting R.C. 2929.191 was to provide a vehicle to correct past mistakes and to make prospective postrelease control sentencing errors "basically irrelevant." *Id*. at ¶ 49 (Pfeifer, J., concurring in part and dissenting in part.) "All of these amendments attempt to make prospective mistakes nonproblematic and employ R.C. 2929.191 to address past errors. For the General Assembly, the prospective application of R.C. 2929.191 was never a consideration." *Id*. at ¶ 53.

**{¶16}** Therefore, despite the language contained in R.C. 2967.28, the Ohio Supreme Court has made it is clear that postrelease control does not arise by operation of law and its imposition will be rendered void unless the trial court imposes the statutorily mandated term, advises the defendant of that term at the time of sentencing, advises the defendant of the consequences of violating postrelease control at sentencing, and incorporates in the court's sentencing journal entry that the notifications were given. *See Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718; *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. Accordingly, the state's reliance on the "shielding" language in R.C. 2967.28 is misplaced.

**{¶17}** In this case, because Cockrell's 2010 sentencing entry incorrectly stated that postrelease control was mandatory for three years, instead of the statutorily required mandatory five years, his sentence as it pertained to the imposition of postrelease control was void. The problem now for the state is that Cockrell has served his prison sentence from which postrelease control was imposed, and according to R.C. 2929.191(A)(1) and controlling precedent, the trial court cannot now correct the journal entry to remedy its error.

**{¶18}** R.C. 2929.191 states that a sentencing court can remedy its error in improperly imposing postrelease control, but any correction must occur prior to the offender being released from prison. *See also Singleton* at ¶ 23.

**{¶19}** Furthermore, it has long been held that after an offender has completed the prison term imposed in his original sentence, the offender cannot be subject to another sentencing to correct a sentencing court's flawed imposition of postrelease control. *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 16 ("unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed."); *Singleton* at ¶ 20; *see also State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, *State v. Breeden,* 6th Dist. Lucas No. L-11-1122, 2012-Ohio-1100; *State v. Lindsay*, 3d Dist. Logan No. 8-06-24, 2007-Ohio-4490.

**{¶20}** Accordingly, because Cockrell's original 2010 sentencing journal entry failed to correctly advise him of the statutorily mandated period of postrelease control, the judgment entry as it pertains to postrelease control was void. Additionally, because Cockrell has completed his prison sentence from which postrelease control was ordered and his sentencing entry was not corrected prior to his release from prison, Cockrell can no longer be resentenced in any manner and he cannot be punished for a violation of the terms and conditions of the void postrelease control.

**{¶21}** Cockrell's first assignment of error is sustained. Having sustained the first assignment of error challenging the sentence imposed in CR-10-541417, Cockrell's second assignment of error challenging the consecutive nature of that sentence is thereby rendered moot.

**{¶22}** Judgment reversed and remanded for the trial court to issue a new judgment entry vacating the sentence imposed in CR-10-541417.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
SEAN C. GALLAGHER, J., CONCUR