[Cite as *State v. Hall*, 2017-Ohio-4376.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0069** |
| TIMOTHY A. HALL, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2007 CR 00216.

Judgment: Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Timothy A. Hall*, pro se, PID: A541-369, Allen Correctional Institution, P.O. Box 4501, 2338 North West Street, Lima, OH 45801 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Timothy A. Hall, appeals from the November 11, 2016 judgment of the Ashtabula County Court of Common Pleas, which overruled his pro se motion to vacate improperly imposed post-release control. The trial court's judgment is hereby affirmed.

**Procedural History**

{¶2} In June 2007, appellant was indicted on 72 counts by the Ashtabula County Grand Jury. Appellant entered into a plea agreement with appellee, the state of

Ohio, and entered pleas of guilty to the following 34 counts: one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32, a first-degree felony; seventeen counts of Burglary, in violation of R.C. 2911.12, second-degree felonies; five counts of Theft, in violation of R.C. 2913.02, fifth-degree felonies; nine counts of Grand Theft, in violation of R.C. 2913.02, third-degree felonies; one count of Theft, in violation of R.C. 2913.02, a first-degree misdemeanor; and one count of Tampering with Evidence, in violation of R.C. 2921.12, a third-degree felony. The remaining counts were dismissed by the State. The parties stipulated to a prison term of nine years.

{¶3} A change of plea and sentencing hearing was held on December 13, 2007, and the sentencing entry was journalized on December 24, 2007. The trial court sentenced appellant to an aggregate prison term of nine years. Appellant did not file a direct appeal from the sentencing entry.

{¶4} According to appellant, he completed this prison term on March 30, 2016, but remains incarcerated on parole violations from a previous conviction.

{¶5} On August 29, 2016, appellant filed a pro se motion to vacate improperly imposed post-release control, arguing the trial court improperly advised him at his change of plea and sentencing hearing that he "may" have post-release control for "up to three years." The trial court overruled this motion on November 11, 2016, stating:

> The Court incorporated that the offender <u>shall</u> be subject to a period of five years in its Judgment Entry of sentence. * * * Although the signed plea agreement does state that the defendant may have been subject to three years of post release control, the Court has reviewed the record, and the Court did advise the defendant, during both the plea and the sentencing portions of the hearing that he <u>would</u> be subject to five years of post release control. The defendant stated on the record that he understood that. [Emphasis sic.]

2

{¶6} Appellant filed a timely appeal and raises one assignment of error for our review:

{¶7} "The trial court erred in denying appellant's motion to vacate improperly imposed post release control as Appellant had a due process right to be notified of the mandatory nature of the post release control pursuant to the Ohio and United States Constitutions."

{¶8} Appellant argues the trial court failed to properly notify him of the mandatory nature of his post-release control at the change of plea and sentencing hearing and also failed to journalize a proper notification into its sentencing entry. Appellant alleges this error renders the post-release control portion of his sentence void and the error cannot be resolved as he has completed his prison term. Thus, appellant asserts the imposition of post-release control must be vacated. When a sentence is contrary to law, a reviewing court, inter alia, "may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2)(b).

**Void, Voidable, and Res Judicata**

{¶9} R.C. 2929.191 was enacted on July 11, 2006, as a result of H.B. 137, and provides a procedure for correcting sentences that fail to comply with statutory requirements for imposing post-release control.

{¶10} The Ohio Supreme Court subsequently held that R.C. 2929.191 cannot be applied retroactively. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶34. Thus, prior to July 11, 2006, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26

3

(emphasis sic).  The defendant is entitled to a new sentencing hearing "limited to proper imposition of postrelease control."  *Id.* at ¶29.

{¶11}  On the other hand, after July 11, 2006, when a judge fails to impose statutorily mandated post-release control, the sentence is subject to the correction procedure outlined in R.C. 2929.191.  *Singleton*, *supra*, paragraph two of the syllabus; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶63.  Because there is a statutory remedy for sentences imposed after July 11, 2006, any improper post-release control portions of these sentences are not void.  *See Singleton*, *supra*, at ¶25; *see also State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶28, citing *State v. McKinney*, 11th Dist. Trumbull No. 2010-T-0011, 2010-Ohio-6445, ¶30; and *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶28.  Errors that do not render a judgment void are merely voidable.  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27; *see also McKinney*, *supra*, at ¶20.

{¶12}  The doctrine of res judicata applies to voidable judgments and prevents collateral attacks based on claims that were raised or could have been raised on a direct appeal from that voidable sentence.  *See, e.g., State ex rel. Beil v. Dota*, 168 Ohio St. 315, 319-320 (1958).  Therefore, a voidable sentence "can be set aside only if successfully challenged on direct appeal."  *Payne*, *supra*, at ¶28 (citations omitted); *see also State v. Perry*, 10 Ohio St.2d 175 (1967).  Res judicata promotes the principles of finality of judgments as well as judicial economy.  *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶18.

{¶13}  Appellant was originally sentenced on December 24, 2007, well after the effective date of R.C. 2929.191.  Thus, any error in the imposition of his post-release control should have rendered that portion of his sentence merely voidable, not void.

Appellant did not file a direct appeal from his sentencing entry. In the event there was error, for the sake of analysis, appellant's argument should now be barred by the doctrine of res judicata.

**Parole Board Notification Statutes**

{¶14} Concluding that an erroneous judgment is both "merely voidable" and "subject to res judicata" is, generally speaking, a logical equivalence. Such a conclusion has nevertheless been rendered effectively meaningless when the alleged error involves improper notification of post-release control.

{¶15} Also included in H.B. 137 was an amendment to R.C. 2929.14(D)(1), which provides, in pertinent part, that "on or after July 11, 2006, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under [R.C. 2967.28(B)]." Similar language was included in the amendments to R.C. 2929.19(B)(2) regarding notification requirements at sentencing. To summarize, the plain language of these statutes indicates the following:

(1) The trial court's failure to include post-release control in the sentence "does not negate, limit, or otherwise affect" the mandatory period of post-release control the offender is statutorily required to serve. [R.C. 2929.14(D)(1)]

(2) The trial court's failure to notify the offender (either at the sentencing hearing or in the judgment of conviction) that he will be supervised after his release from prison "does not negate, limit, or otherwise affect" the mandatory period of post-release control the offender is statutorily required to serve. [R.C. 2929.19(B)(2)(c)]

(3) The trial court's failure to notify the offender (either at the sentencing hearing or in the judgment of conviction) that the parole board may impose a prison term, as authorized by statute, for violating the terms of post-release control "does not negate, limit, or otherwise affect" the parole board's authority to impose that prison term—as long as the parole board provides

5

notification to the offender prior to his release from prison. [R.C. 2929.19(B)(2)(e)]

These statutes demonstrate the legislature's apparent intent to render mistakes in imposing mandatory post-release control "nonproblematic" and "basically irrelevant." *See Singleton, supra*, at ¶49-53 (Pfeifer, J., concurring in part and dissenting in part).

{¶16} The Ohio Supreme Court subsequently held, however, that "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced. Imposition of punishment is a function of the judicial branch of government." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶71, citing *Ex parte United States*, 242 U.S. 27, 41-42 (1916). Specifically addressing R.C. 2929.14, the Court stated nothing in the statute "provides that the executive branch may impose postrelease control if the sentencing court has not ordered it[.]" *Id.* at ¶72. The Ohio Supreme Court thereby refused to give effect to the plain language of the statutes.

{¶17} In a later case, the Ohio Supreme Court reversed an appellate court's decision to uphold the imposition of post-release control when notification of the consequences of a violation was not provided by the trial court but, instead, was provided by the parole board prior to the offender's release. *State v. Walls*, 125 Ohio St.3d 1201, 2010-Ohio-1806. The case was reversed for application of *Singleton*, which primarily dealt with whether R.C. 2929.191 could be applied retroactively; *Walls*, however, did not involve retroactivity issues as the sentencing took place in 2008. The Seventh District Court of Appeals has provided an explanation as to why this occurred:

> The content in *Singleton* relevant to *Walls* is the statement:
>
> 'For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial

6

courts shall apply the procedures set forth in R.C. 2929.191.' *Singleton*, [*supra*, at paragraph two of the syllabus].

We recognize that the *Walls* defendant was still in prison. Nevertheless, the Supreme Court remanded for application of the statute by the trial court rather than allowing the parole board to conduct the notification later as the appellate court held, suggesting that the parole board notification cannot exist if the court never performed its statutory duty to properly notify the offender of the required information regarding post-release control. Thus, the Court refused to allow the Eighth District to rely on the parole board notification statutes.

Although the Supreme Court in *Walls* did not explain its reasoning, its decision may be derived from the law that 'in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced.' *Bloomer*, [*supra*,] at ¶71. *See also Singleton*, [*supra*,] at ¶32, citing *Woods v. Telb*, 89 Ohio St.3d 504 (2000) (mentioning separation of powers issues where the parole board imposes items not properly imposed by the court). Thus, the Court is concerned about separation of powers issues where the parole board acts without mandate by the sentencing court.

*State v. Pullen*, 7th Dist. Mahoning No. 11 MA 10, 2012-Ohio-1498, ¶22-25. *See also State v. Adams*, 9th Dist. Lorain No. 14CA010709, 2016-Ohio-336, ¶12; *State v. Chasteen*, 12th Dist. Butler No. CA2012-12-247, 2013-Ohio-3573, ¶28.

{¶18} As a result, appellate courts cannot uphold the imposition of post-release control, even if the parole board provides the offender with statutory notifications prior to release, unless the trial court properly ordered post-release control in the first instance. "[D]espite the language contained in R.C. 2967.28, the Ohio Supreme Court has made it clear that postrelease control does not arise by operation of law and its imposition will be rendered void unless the trial court" properly imposes post-release control. *State v. Cockrell*, 8th Dist. Cuyahoga No. 104207, 2017-Ohio-1358, ¶16. This is true for sentences rendered prior to July 11, 2006, and sentences rendered on or after July 11,

7

2006. The distinction is rendered meaningless for purposes of res judicata and appellate review.

**Statutorily Compliant Notification**

{¶19} Our analysis therefore continues with whether appellant received proper notification from the trial court regarding the imposition of post-release control for the case sub judice.

{¶20} "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶18 (citations omitted). Further, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶19 (citations omitted).

> [T]he sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*State v. Grimes*, Sup. Ct. No. 2016-0215, 2017-Ohio-2927, ¶1.

{¶21} When an offender does not receive statutorily compliant notification at the sentencing hearing, the only remedy is to provide the offender with proper notification. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph three of the syllabus. When the offender was sentenced or resentenced on or after July 11, 2006, the offender is, at a minimum, entitled to a R.C. 2929.191 hearing for the limited purpose of receiving proper notification. *See Singleton*, *supra*, at paragraph two of the

8

syllabus. On the other hand, "when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *Qualls* at ¶30. Neither of these options is available, however, after the defendant has "completed the prison term for the offense for which postrelease control was to be imposed"; in that circumstance, post-release control can no longer be imposed. *Qualls, supra*, at ¶16, ¶24 (citation omitted).

{¶22} The trial court was required to impose a mandatory term of five years post-release control when it sentenced appellant. *See* R.C. 2929.19(B)(2)(c) (formerly (B)(3)(c)) and R.C. 2967.28(B)(1).

{¶23} Appellant has not provided this court with the portion of the transcript from his change of plea hearing, thus we must presume the regularity of those proceedings. *State v. Young*, 11th Dist. Portage No. 2015-P-0087, 2016-Ohio-5006, ¶12, quoting *State v. Edgell*, 11th Dist. Portage No. 2004-P-0062, 2005-Ohio-3265, ¶12, citing App.R. 9 ("'An appellant has the duty to provide this court with the necessary transcripts of the record below in order to demonstrate its claimed error.'"). Additionally, "[a] trial court is only required to inform an offender of post-release control at sentencing; therefore, the trial court's misstatement during a plea hearing is of no import." *State v. Johns*, 11th Dist. Ashtabula No. 2011-A-0003, 2012-Ohio-864, ¶38, citing R.C. 2929.19(B) and *State v. O'Neil*, 11th Dist. Portage No. 2008-P-0090, 2009-Ohio-7000.

{¶24} At appellant's sentencing hearing, held December 13, 2007, the trial court stated:

> I covered this at the time we were reviewing your rights, but again, just to satisfy some of the rulings that we have seen from the courts of appeals, I remind you that *you will be subject to* post-release control for a period of 5 years, and that for violations of the post

9

release control you could end up being sent back to prison to serve additional time on this case, which could total up to possibly 4 ½ years, so that in reality the maximum time you could end up serving could be 13 ½ years. [Emphasis added.]

The trial court's sentencing entry, entered December 24, 2007, states: "Upon completion of the prison term, *the offender shall be subject to* a period of post-release control for five (5) years, pursuant to 2967.28. For violations of post-release control, the Parole Board may return the Defendant to the prison for up to fifty percent of the stated prison term." (Emphasis added.)

{¶25} The trial court journalized a proper notification of the mandatory nature of post-release control into its sentencing entry by stating appellant "shall be" subject to five years post-release control. *See, e.g., State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, ¶19; and *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus ("In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."). Likewise, the trial court properly notified appellant of the mandatory nature of his post-release control at the sentencing hearing by stating appellant "will be" subject to "a period of five years" post-release control. The trial court did not use discretionary language, such as "may" or "might," and it stated a definite term of five years, not "up to" five years. Appellant has not provided us with any persuasive authority to support his position that "will be" should not also be construed as mandatory language in this context.

{¶26} The post-release control portion of appellant's sentence is not void.

{¶27} Appellant's sole assignment of error is without merit.

{¶28} The judgment of the Ashtabula County Court of Common Pleas, overruling appellant's motion to vacate improperly imposed post-release control, is affirmed.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.