[Cite as *State v. Persinger*, 2018-Ohio-1076.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2017CA0007 |
| | : | |
| GERRY H. PERSINGER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morrow County Court of
Common Pleas, Case No. 2008 CR
0086


JUDGMENT:     REVERSED AND REMANDED FOR
ISSUANCE OF NUNC PRO TUNC
ENTRY


DATE OF JUDGMENT ENTRY:     March 22, 2018


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

DAVID HOMER                          GERRY A. PERSINGER, PRO SE
Morrow Co. Asst. Prosecutor          Marion Correctional Inst.
60 East High St.                     P.O. Box 57
Mt. Gilead, OH 43338                 Marion, OH 43301


*Delaney, J.*

{¶1} Appellant Gerry H. Persinger appeals from the October 5, 2017 Judgment Entry of the Morrow County Court of Common Pleas overruling his "motion for arrest of judgment" and "motion to vacate void judgment." Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In 2008, appellant was convicted of four counts of unlawful sexual conduct with a minor, all felonies of the second degree in violation of R.C. 2907.04. The trial court imposed an aggregate prison term of 20 years. Appellant directly appealed from his convictions and sentence, challenging the sufficiency of the indictment and the imposition of court costs, and alleging ineffective assistance of counsel. We overruled appellant's three assignment of error, affirming the convictions and sentence. *State v. Persinger*, 5th Dist. Morrow No. 08-CA-14, 2009-Ohio-5849, appeal not allowed*,* 124 Ohio St.3d 1402, 2009-Ohio-6825, 918 N.E.2d 1010, and reconsideration denied, 124 Ohio St.3d 1437, 2010 -Ohio- 207, 920 N.E.2d 369. Appellant's petition for a writ of habeas corpus was dismissed. *Persinger v. Marion Correctional Institution*, S.D.Ohio No. 2:15-CV-02653, 2015 WL 5999321, *1.

{¶3} In 2012, appellant filed a petition for post-conviction relief which was overruled. We dismissed appellant's subsequent appeal because no brief was filed. *State v. Persinger*, 5th Dist. Morrow No. 12-CA-11.

{¶4} In 2014, appellant filed a motion to correct sentence which was overruled. We dismissed appellant's subsequent appeal as untimely. *State v. Persinger*, 5th Dist. Morrow No. 14 CA 0001.

{¶5} On May 3, 2017, appellant filed a "Motion to Arrest Judgment, Pursuant to R.C. 2947.02(a)(b)," asserting the trial court had no jurisdiction over the offenses and that

no public record exists of "the body of the crimes." Appellee responded with a motion in opposition. On August 28, 2017, appellant filed a "Motion to Vacate Void Judgment" arguing the trial court failed to properly notify him of post-release control. Both motions were overruled.

{¶6} Appellant now appeals from the trial court's Journal Entry of Judgment dated October 5, 2017, overruling his motions for arrest of judgment and to vacate void judgment.

{¶7} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶8} "THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO VACATE VOID JUDGMENT FOR IMPROPERLY IMPOSING POST-RELEASE CONTROL IN VIOLATION OF DUE PROCESS UNDER THE OHIO CONSTITUTION ART. I SECT. 16 U.S. CONSTITUTION 14TH AMENDMENT."

## ANALYSIS

{¶9} Appellant argues the trial court was required to vacate the void judgment for improperly imposing post-release control. We agree to the extent that we remand the matter to the trial court with instructions to issue a nunc pro tunc entry properly stating the duration of the post-release control period.

{¶10} "[A] trial court must provide statutorily compliant notification to a defendant regarding post release control at the time of sentencing, including notifying the defendant of the details of the post release control and the consequences of violating post release control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18 (citations omitted). Further, "a trial court must incorporate into the sentencing entry the

post release-control notice to reflect the notification that was given at the sentencing hearing." Id. at ¶ 19.

{¶11} Because appellant was ultimately sentenced upon felony sex offenses, he was subject to a five-year mandatory term of post-release control. *See* R.C. 2967.28(B)(1); R.C. 2929.19(B)(2)(c).

{¶12} In the case of mandatory post-release control, the court at a sentencing hearing must notify the offender that he or she "will" be supervised if the offender has been convicted of a felony subject to mandatory post release control. R.C. 2929.19(B)(2)(c) and 2967.28(B). Additionally, at the sentencing hearing, the court must notify the offender that if he or she "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." R.C. 2929.19(B)(2)(e).

{¶13} Appellant has not provided a transcripts of the sentencing hearing, so we presume the trial court's oral post-release control notifications were proper. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 20, citing *Natl. City Bank v. Beyer,* 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000); *State v. Moore*, 5th Dist. Muskingum No. CT2015-0027, 2015-Ohio-3435, ¶ 11, affirmed, 151 Ohio St.3d 276, 2017-Ohio-7851, 87 N.E.3d 1261.

{¶14} In *Grimes,* supra, the Ohio Supreme Court identified what information the sentencing entry must contain to validly impose post release control in cases in which the trial court made the proper advisements at the sentencing hearing:

> [T]he sentencing entry must contain the following information:
>
> (1) whether post release control is discretionary or mandatory, (2)

the duration of the post release-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the post release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post release control will subject the offender to the consequences set forth in that statute.

*State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1.

{¶15} As appellee and the trial court recognized, the issue posed by this case is the effect of the words "up to."  The trial court's original sentencing entry of October 17, 2008 states the following regarding post-release control:

* * * *.

The Court has further notified [appellant] that post release control is mandatory in this case **up to** a maximum of (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28.  [Appellant] is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.  (Emphasis added).

* * * *.

{¶16} We appreciate appellee's concession that the duration of the post-release control period is misstated and "up to" 5 years does not properly describe the duration of the post-release control period.  *See, State v. Hall*, 11th Dist. Ashtabula No. 2016-A-0069,

2017-Ohio-4376, ¶ 25, appeal not allowed, 151 Ohio St.3d 1428, 2017-Ohio-8371, 84 N.E.3d 1065 ["up to" is discretionary language and does not state a definite term].

{¶17} This is not a case, however, in which the trial court failed to mention post-release control at all in the sentencing entry; appellant was notified he was subject to a mandatory term of post release control. *Grimes*, supra, 2017-Ohio-2927 at ¶ 14 ["In this case, as in *Qualls,* Grimes does not dispute that he was notified at the sentencing hearing that he would be subject to post release control * * * * so we conclude that the court accomplished the primary purpose of notice"]. We find this is a case in which the essential purpose of notice has been fulfilled, there is no need for a new sentencing hearing to remedy the flaw, and the original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to appellant's completion of his prison term. *Qualls*, supra, 2012-Ohio-1111 at ¶ 24. In the entry from which appellant appealed, the trial court in fact suggested this remedy but the appeal intervened.

{¶18} We therefore sustain appellant's sole assignment of error to the extent that we remand this matter to the trial court for preparation of a nunc pro tunc entry reflecting that the mandatory duration of post release control is five years.

**CONCLUSION**

{¶19} Appellant's sole assignment of error is sustained, the judgment of the Morrow County Court of Common Pleas is reversed, and this matter is remanded to the trial court for preparation of a nunc pro tunc entry as described herein.

By:  Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.