[Cite as *State v. Peace*, 2018-Ohio-3742.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


STATE OF OHIO,                          :       **O P I N I O N**

          Plaintiff-Appellee,          :

          - vs -                          :       **CASE NO. 2017-P-0037**

COLEMAN P. PEACE,                       :

          Defendant-Appellant.         :


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00701.

Judgment:  Affirmed in part; reversed in part and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Neil P. Agarwal*, 3732 Fishcreek Road, Suite #288, Stow, OH  44224 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Coleman P. Peace, appeals his sentence following a bench trial. We affirm in part, reverse in part, and remand.

{¶2}    Peace was indicted for rape and gross sexual imposition of a minor, who was less than thirteen years old at the time.  He was convicted of both offenses, sentenced to life without parole for rape, a concurrent five years for gross sexual imposition, and was labeled a tier III sexual offender.

**{¶3}** Peace raises five assignments of error:

**{¶4}** "[1.] The trial court committed reversible and plain error when it failed to merge defendant's conviction for rape and gross sexual imposition for sentencing purposes, as they were allied offenses of similar import. (7/7/17, T.p. 18, T.d. 72).

**{¶5}** "[2.] The trial court committed reversible and plain error in not imposing post-release control for defendant's conviction of rape. (7/7/17, T.p. 19, T.d. 72).

**{¶6}** "[3.] The trial court committed reversible and plain error in improperly sentencing defendant for gross sexual imposition. (7/7/17, T.p. 18, T.d. 72).

**{¶7}** "[4.] The trial court committed reversible and plain error when it sentenced defendant without properly giving him all the notifications concerning post-release control and the required notifications under R.C. 2929.19(B)(4). (7/7/17, T.p. 18, T.d. 72).

**{¶8}** "[5.] The trial court committed reversible and plain error at sentencing hearing by failing to comply with R.C. 2929.19(B)(2)(F). (7/7/17, T.p. 18, T.d. 72)."

**{¶9}** Peace's first assignment claims plain error based on the trial court's failure to merge the offenses for sentencing. He claims that he committed one sexual offense, not two.

**{¶10}** R.C. 2941.25 "Multiple counts," states:

**{¶11}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶12}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or

2

information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶13}** We review merger decisions de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶26. We must "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* quoting *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8.

**{¶14}** "[W]hen considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A)", we must consider the defendant's conduct and how the offenses were committed. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶25. "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.*

**{¶15}** "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *Id.* at ¶31.

3

{¶16} Peace was convicted of rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b), which states:

{¶17} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

{¶18} "* * *

{¶19} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

{¶20} "Sexual conduct" includes "cunnilingus between persons regardless of sex." R.C. 2907.01(A). "Cunnilingus is a sexual act committed with the mouth and the female sex organ. *State v. Bailey* (1992), 78 Ohio App.3d 394, 395. Consequently, the state need only to prove that the mouth of someone came into contact with the female sex organ. *Id; State v. Ramirez* (1994), 98 Ohio App.3d 388, 393." *State v. Napier,* 9th Dist. Medina No. 2472-M, 1996 WL 122014, *1.

{¶21} Peace was also convicted of gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05(A)(4), which states:

{¶22} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

{¶23} "* * *

{¶24} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

4

**{¶25}** "'Sexual contact' means any touching of an erogenous zone of another, including *without limitation* the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." (Emphasis added.) R.C. 2907.01(B).

**{¶26}** Peace's conduct constitutes two offenses committed separately. The victim's father found Peace with his daughter in her bedroom. When her father opened the door, his daughter was trying to pull up her underwear. She was four years old at the time. Upon questioning, she told her father that Peace had put his mouth on her privates. She also told her mother that he put his tongue in her privates, and she made this same statement to the social worker at the hospital later that day. As defined previously, the victim's statements establish that Peace committed "sexual conduct" sufficient to support his rape conviction.

**{¶27}** Further, the victim told police that Peace kissed her bruise and pulled her pants down before he put his mouth on her privates, and Peace admitted to police that this was true. Further, the emergency department notes indicate that the assailant kissed a bruise on the victim's right hip. Peace's kiss of the child's bruise immediately before pulling down her pants and licking her privates constitutes sufficient "sexual contact," i.e., touching the erogenous zone of another for the purpose of arousal or gratification. *See State v. Stair,* 12th Dist. Warren No. CA2001-03-017, 2002 WL 42900 (Jan. 14, 2002) (finding the victim's hips constitute an erogenous zone).

**{¶28}** Upon considering whether two offenses are based on the same conduct, a court focuses on whether the crimes were committed via a single act. *State v. J.M.,* 10th Dist. Franklin No. 14AP-621, 2015-Ohio-5574, ¶56 (finding that the digital penetration

5

was accomplished with the same movement and at the same time and animus as the gross sexual imposition); *State v. Brindley,* 10th Dist. Franklin No. 01AP–926, 2002-Ohio-2425, ¶19-33 (holding that touching the victim's breast and then touching her vaginal area are separate offenses).

**{¶29}** Here, there is no doubt that Peace's conduct constitutes two separate and distinct acts, i.e., his kissing a bruise on the child's hip is separate from his placing his tongue in the child's vagina. Not only are the acts different, but these acts also occurred on separate locations on the child's body. Because the conduct constituting the offenses arose via separate acts, albeit in close proximity to one another, the crimes do not merge. *State v. Ruff,* supra.

**{¶30}** Peace's first assigned error lacks merit and is overruled.

**{¶31}** Peace's second assigned error is based on the trial court's failure to impose post-release control for his rape offense. The state cedes error. No objection was lodged on this basis during sentencing.

**{¶32}** Upon sentencing a defendant, a court must impose post-release control for first-degree felonies and felony sex offenses even when the sentence is life in prison without parole. *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶20; *State v. Gaut,* 11th Dist. Trumbull No. 2010-T-0059, 2011-Ohio-1300, ¶17; *State v. Purdy*, 3d Dist. Allen No. 1-12-56, 2013-Ohio-4105, ¶44.

**{¶33}** As alleged, the trial court only imposed post-release control for Peace's gross sexual imposition conviction, not his rape conviction. Because his rape conviction is a first-degree felony sex offense, post-release control is mandatory. *Id.*

6

**{¶34}** "[A]fter July 11, 2006, when a judge fails to impose statutorily mandated post-release control," the sentence is not void, but is instead subject to the correction procedure outlined in R.C. 2929.191 when an offender has not yet been released from prison. *State v. Hall,* 11th Dist. Ashtabula No. 2016-A-0069, 2017-Ohio-4376, 93 N.E.3d 35, ¶11, *appeal not allowed,* 151 Ohio St.3d 1428, 2017-Ohio-8371, 84 N.E.3d 1065. And when an appellant does not receive statutorily compliant notification at the sentencing hearing, the remedy is to provide him with a R.C. 2929.191(C) hearing for the limited purpose of providing proper notification. *Id.* at ¶21, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. The trial court does not conduct a de novo sentencing hearing because the remainder of his sentence, unaffected by the lack of proper post-release control notification, remains undisturbed. *Singleton,* at ¶23-24.

**{¶35}** Accordingly, Peace's second assignment has merit. Thus, we reverse and remand for the trial court to hold a R.C. 2929.191(C) compliant hearing to advise him consistent with R.C. 2967.28 and thereafter to issue a correction to its judgment of conviction consistent with R.C. 2929.191.

**{¶36}** Peace's third assigned error claims the trial court committed plain and reversible error by imposing a five-year sentence for his third-degree felony gross sexual imposition conviction because the applicable statute only authorizes sentences stated in months. We disagree.

**{¶37}** As he alleges, "[f]or a felony of the third degree * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2929.14(A)(3)(a).

7

{¶38} While we agree that the trial court should have stated it was imposing a sixty-month term, the difference is semantics, not substantive, and there is no prejudice. Notwithstanding, because we find error in Peace's second assigned error requiring reversal and remand, the trial court shall correct this and restate his sentence in months consistent with R.C. 2929.14(A)(3)(a).

{¶39} Peace's fourth assignment asserts plain error because the trial court erred in its post-release control and community control notifications regarding his gross sexual imposition conviction.

{¶40} Peace first alleges the court erred in failing to advise him at sentencing about the consequences of violating community control as delineated in R.C. 2929.19(B)(4). However, the trial court did not impose community control sanctions, and as such, the corresponding notifications regarding a violation were not required at sentencing. Accordingly, this aspect of his argument lacks merit.

{¶41} Peace also claims that it provided him with deficient post-release control notice at his sentencing hearing, and therefore, resentencing is required. Peace identifies four alleged deficiencies in the court's post-release control notifications. First, it failed to advise him that more prison time could be imposed or other sanctions could be imposed for a violation of post-release control. Second, he claims the court did not discuss what would occur if Peace committed additional offenses while on post-release control. Third, Peace claims the court erred in failing to advise him about the possible sanctions he faces if convicted of a new felony during post-release control supervision. Finally, Peace claims the court failed to advise him about the consequences of consecutive prison terms upon

8

a violation of post-release control under R.C. 2929.141(A). It appears his second through fourth arguments arise via R.C. 2929.141.

{¶42} The Supreme Court has recently resolved a conflict on the parameters of the notifications required at sentencing:

{¶43} "R.C. 2929.19(B)(2)(e) sets forth one of the notification duties that trial courts have at sentencing hearings. R.C. 2929.19(B)(2)(e) unambiguously requires that the court notify the offender that if the offender violates postrelease control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e) does not impose any other notification requirements on trial courts.

{¶44} "Applying the plain language of the unambiguous statute, R.C. 2929.19(B)(2)(e) does *not* require that the trial court inform the offender of the penalty provisions contained in R.C. 2929.141(A)(1) and (2) (provisions that apply only when an offender is convicted of committing a new felony while serving a period of postrelease control)." (Emphasis added.) *State v. Gordon*, 2018-Ohio-1975, __ N.E. 3d __, ¶11-12.

{¶45} Here, the court did not advise Peace at the sentencing hearing that if he violates post-release control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e). Thus, its notice was deficient in this regard at the hearing. However, because Peace's other three post-release control notification arguments are based on R.C. 2929.141, these arguments lack merit since R.C. 2929.141 does not set forth notification requirements. *Gordon, supra* at ¶12.

**{¶46}** Thus, Peace's fourth assigned error has merit in part. We reverse and remand for the trial court to hold a hearing to provide the requisite notification consistent with R.C. 2929.19(B)(2)(e).

**{¶47}** Peace's fifth and final assigned error asserts the trial court committed plain error at sentencing based on its failure to advise him about the drug use and drug testing requirements in R.C. 2929.19(B)(2)(f) effective as of sentencing, but since repealed. 2018 Am.Sub.S.B. No. 66.

**{¶48}** R.C. 2929.19(B)(2)(f) states:

**{¶49}** "Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

**{¶50}** "* * *

**{¶51}** "(f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."

**{¶52}** As alleged, the trial court did not provide Peace with notice that he should not use illicit drugs, and it did not advise him that he is subject to drug testing in prison.

**{¶53}** Notwithstanding, a plain reading of this subsection does not require a court to *notify* an offender about drug use and testing. *State v. Tell*, 11th Dist. Portage No. 2017-P-0031, 2018-Ohio-1886, ¶49. Instead, several courts have found that this provision was designed to facilitate the drug testing of prisoners, and as such, it does not

10

create substantive rights for offenders. *State v. Arnold,* 2d Dist. Clark No. 02CA0002, 2002-Ohio-4977*; State v. Payne,* 9th Dist. Summit No. 21346, 2003-Ohio-2349; *State v. Willet*, 5th Dist. Muskingum No. CT2002-0024, 2003-Ohio-6357, ¶79.

**{¶54}** Moreover, Peace neither alleges nor demonstrates how he has suffered prejudice as a result of the court's failure to advise him about this drug testing requirement. Thus, although we find no error, Peace likewise fails to show resulting prejudice. *State v. Abrams*, 12th Dist. Clermont No. CA2017-03-018, 2017-Ohio-8536, ¶23.

**{¶55}** Accordingly, Peace's fifth assigned error lacks merit and is overruled.

**{¶56}** Peace's second and fourth assignments of error have merit in part. The trial court's decision is affirmed in part, reversed in part, and remanded for the trial court to impose post-release control on the rape conviction and to make the requisite post-release control notification on both convictions under R.C. 2929.19(B)(2)(e).

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.