[Cite as *State v. Raulston*, 2019-Ohio-5189.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0035** |
| CARL E. RAULSTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00469.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Wesley A. Johnston*, P.O. Box 6041, Youngtown, Ohio 44501 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Carl Raulston, appeals the denial of his motion to have his sentence declared void due to an alleged lack of necessary consecutive findings. We affirm.

{¶2} Raulston was charged with five counts of nonsupport of dependents, fifth-degree felonies in violation of R.C. 2919.21(A), and pleaded guilty to all five. In August of 2014, he was sentenced to community control and informed he faced five consecutive

one-year sentences if he violated the conditions. The trial court continued Raulston on community control in January of 2017 after his first violation.

{¶3} Five months later, in June 2017, the state moved to revoke community control. And following a hearing, the court revoked Raulston's community control and sentenced him to five, one-year consecutive prison terms. He did not pursue a direct appeal.

{¶4} In March of 2019, Raulston filed a motion for void judgment seeking resentencing and arguing his sentence is void because the trial court failed to make the findings necessary for imposing consecutive sentences. The trial court denied his motion.

{¶5} Raulston raises two assigned errors, which we address collectively:

{¶6} "[1.] The Court improperly denied Defendant's motion to void judgment and resentencing, as the court committed an error when sentencing Raulston to consecutive sentences, totaling five years for five counts of non-support of dependents.

{¶7} "[2.] The Court improperly denied Defendant's motion to void judgment and resentencing as the trial court erred in sentencing Raulston to maximum consecutive terms of imprisonment."

{¶8} When imposing consecutive sentences, a court must state the statutory findings at the sentencing hearing to provide notice to the defendant and include the findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶9} A court's failure to make requisite consecutive sentence findings is an issue that is voidable, not void, and voidable sentences can be set aside only via direct appeal. *State v. Hall*, 11th Dist. Ashtabula No. 2016-A-0069, 2017-Ohio-4376, 93 N.E.3d 35, ¶

12, *appeal not allowed,* 151 Ohio St.3d 1428, 2017-Ohio-8371, 84 N.E.3d 1065. Whereas void sentences can be reviewed any time. *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 17. "'[P]rinciples of res judicata do not apply to void sentences because, by definition, a void sentence means that no final judgment of conviction has been announced.' * * * In contrast, 'a voidable judgment is one rendered by a court that has both jurisdiction and authority to act,' but is 'invalid, irregular, or erroneous.' * * *." *Id.* Res judicata promotes judicial economy and the finality of judgments on issues that a defendant had a fair opportunity to be heard. *Hall, supra*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶10} Because appellant could have raised the consecutive sentence argument in a direct appeal, res judicata precludes raising it in a motion before the trial court or on an appeal therefrom. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8; *State v. Wolke*, 4th Dist. Adams No. 17CA1048, 2018-Ohio-2119, ¶ 15 (a defendant must raise the court's failure to make the necessary findings in a direct appeal).

{¶11} Raulston's assigned errors lack merit, and the trial court's decision is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

3